# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　)　　CRIMINAL NO. 2:16-CR-20460
　　　　vs.　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　HON. MARK A. GOLDSMITH
D-1　EDWIN MILLS,　　　　　　　)
　　　　　　　　　　　　　　　　)
D-2　CARLO WILSON,　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　 )

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT CONCERNING PROPORTIONALITY**

COMES NOW the United States of America, by and through its attorneys, Matthew Schneider, United States Attorney and Louis A. Crisostomo, Robert Moran, and Andrew Picek Assistant United States Attorneys, and James Peterson, Department of Justice Trial Attorney, and hereby moves the Court *in limine* to preclude the defendants from introducing any evidence or argument of alleged "proportionality" comparisons of the defendants to other capital defendants.

Comparative proportionality arguments seek to persuade capital juries, or judges, that a capital sentence ought not be imposed because, compared to other capital or non-capital cases, the facts of the particular murder are less egregious or serious.   Defendants have previously attempted to introduce evidence and

argument concerning the outcomes and charging decisions of other non-related capital cases.  *See United States v. Taylor*, 583 F. Supp. 2d 923 (E. D. Tenn. 2008) (proportionality evidence and argument disallowed).  The United States requests that the Court forbid any such reference during either phase of trial – whether by evidence, argument, questioning or through a mitigating factor.  Simply stated, the issue of the relevance, admissibility, and mitigation potential of proportionality information was resolved by the Sixth Circuit in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).

Pursuant to LR 7.1, the government sought a conference or communication between attorneys for the parties in which the government explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

## BRIEF IN SUPPORT

## I.   PROCEDURAL AND FACTUAL BACKGROUND

Defendants Mills and Wilson are charged in the Second Superseding Indictment (ECF 292) with death penalty eligible offenses.  On February 5, 2019, counsel for defendant WILSON sent a discovery demand letter to the government. See ECF No. 941.  In that letter, defendant demanded the production of government files for unrelated cases, complaining that:

> The basis for this request is the Federal Bureau of Investigation's Detroit field office's racially selective investigation of murders committed in relation to criminal enterprises under 18 U.S.C. §§ 1962 and 1959 and 21 U.S.C. § 848, and criminal groups of more than one person under 18 U.S.C. § 9240) or any other federal criminal statute with a penalty of death. The Federal Bureau of Investigation's racially selective investigation of Edwin Mills and Carlo Wilson is in violation of the Due Process Clause of the Fifth Amendment.

ECF No. 941.  Among the specific requests were the defendant's demand for:

> (2) A list by case name, number, and race of each defendant charged in any offense under 18 U.S.C. § 1959(a)(1) or 21 U.S.C. § 848( e) brought by any U.S. Attorney's Office in the State of Michigan from 2008 to the present.

> (3) A list by case name, number, and race of each defendant charged in any multi-defendant case for any offenses under federal law for which there is a possible penalty of death.

*Id*.  On February 15, 2019, defendants MILLS and WILSON filed a Motion to Declare the Federal Death Penalty Act Unconstitutional for Failure to Require Comparative Proportionality Review Resulting in Arbitrary and Discriminatory

Death Sentences.  ECF No. 773.  On  July 11, 2019, the Court denied the

defendants' motion that was based, in part, on their proportionality review

analysis.  See ECF No. 985.  On July 12, 2019, the Court denied the defendants'

discovery request that was premised upon their claim of disproportionate

prosecution.  See ECF No. 988.  Consequently, the government anticipates that

defendants will attempt to offer evidence and argument concerning the outcomes

and charging decisions of other non-related capital cases.

Comparative proportionality evidence usually manifests itself in the form of

purported statistics offered by Kevin McNally, a capital defense lawyer employed

as the director of the Federal Death Penalty Resource Counsel (FDPRC). [1]    Any

purported "comparative proportionality" evidence or argument will inevitably

result in many mini-trials debating the facts of past cases.  *See United States v.*

*Sampson*, 335 F. Supp. 2d 166, 198 (D. Mass. 2004) (Noting that "the court

excluded the limited presentation because it agreed with the government that the

---

[1] Mr. McNally has offered a wide range of self-generated statistics in support of capital defendant's motions throughout the country.  At various times, Mr. McNally has produced and submitted statistics purporting to show:  the number of peremptory strikes allowed in capital cases, the number of courts allowing life without parole as a mitigating circumstance instructions, average time to trial, use of videotaped witnesses in the penalty phase, the number of courts allowing execution impact evidence, time frames for the Attorney General to render his authorization decision in capital cases, community conditions as a mitigating circumstance, unreported early discovery practices, the number of courts allowing residual doubt as a mitigating circumstance, and the billing practices of paralegals.

proffered capital case verdicts cannot be compared in any meaningful way unless the [] cases are effectively retried to the[e] jury" and that "the defendant's proposed presentation of the cases through McNally would only mislead the jury and create prejudicial confusion.").

## II.    LAW AND ARGUMENT

The Sixth Circuit sitting *en banc* held: "Mitigation evidence . . . is not an empty concept to be filled by whatever a lawyer or court thinks might persuade a single juror in a particular case." *United States v. Gabrion*, 719 F.3d 511, 522 (6th Cir. 2013) (*en banc*).  Similarly, the Second Circuit has held that the broad standards for admissibility of mitigating evidence do "not mean that the defense has carte blanche to introduce any and all evidence that it wishes." *United States v. Fell*, 531 F.3d 197, 219 (2nd Cir. 2008) (affirming exclusion of defendant's rejected plea agreement, which would have created a "confusing and unproductive inquiry").  The Seventh Circuit has stated: "A mitigating factor is a factor arguing against sentencing this defendant to death; it is not an argument against the death penalty in general." *United States v. Johnson*, 223 F.3d 665, 675 (7th Cir. 2000) (explaining that evidence about the existence of maximum security prisons with control units did not establish a proper mitigating factor).

Any attempt to offer evidence or argument concerning the outcomes and charging decisions of other non-related capital cases is foreclosed by the binding

precedent of this Circuit.  *See United States v. Taylor*, 814 F. 3d 340, 373 (6th Cir.

2016), *United States v. Gabrion*, 719 F.3d 511, 522 (6th Cir. 2013) (en banc).

"Comparative proportionality" evidence was rejected in *United States v. Taylor*,

583 F. Supp.2d 923, 933-36 (E.D. Tenn. 2008).  In that case, the defendant sought

to admit Mr. McNally's testimony concerning (1) similar or worse federal capital

cases where the death penalty was neither sought nor imposed and (2) the race of

other federal capital defendants and their victims and the outcome of these cases.

*Id*. at 933.  In rejecting comparative proportionality evidence, the court held:

> The outcomes of other cases and the races of victims and defendants in other
> cases have nothing to do with the defendant in this case or the circumstances
> of his offense or any of the mitigating factors in § 3592(a). Therefore, the
> Court concludes comparative proportionality review with defendants
> unconnected to this case is not a proper task for the jury. Within its
> collective knowledge, the jury will be aware of some circumstances and
> outcomes of other cases, but its decision on life or death must turns on its
> understanding of this case, the offenses involved, and this defendant, not on
> the specifics of other cases and other defendants. To hold otherwise would
> necessitate turning the trial into a series of mini-trials over the facts and
> circumstances of other prosecutions, in a situation where the specific facts
> and circumstances and the exact reason the juries reached their decisions in
> those other prosecutions are not available to the parties. Such information
> has no probative value and would confuse and mislead the jury with
> irrelevant information.

*Id.* at 935-36 (internal citations omitted).

On Appeal, the defendant argued that "because juries have declined to

impose capital punishment in cases comparable to Taylor's, his sentence is

constitutionally disproportionate, particularly where there is no statutory provision

for a nationwide-proportionality review of federal capital sentences." *Taylor*, 814
F. 3d at 374.  Curiously, the defendant did not pursue the *in limine* exclusion of
Mr. McNally and the proposed testimony concerning similar or worse federal
capital cases where the death penalty was neither sought nor imposed, although
that issue was clearly preserved.  *See* Appellant Rejon Taylor's Opening Brief,
*United States v. Taylor*, No. 09-5517 (6th Cir. Oct. 29, 2013) Doc. 239.  Rather, the
defendant pursued the broader complaint that "Federal juries consistently decline
to impose capital punishment in cases comparable to Taylor's."  *Id*., at 186.
Nevertheless, the government asserts that the 6th Circuit's broader ruling in Taylor
is dispositive of any issue concerning the admissibility of evidence or argument
concerning proportionality.  The 6th Circuit rejected the defendant's claim in just
seven sentences, holding:

**Ground XII: Asserted Need for Nationwide Proportionality Review**

Taylor next argues that, because juries have declined to impose capital
punishment in cases comparable to Taylor's, his sentence is constitutionally
disproportionate, particularly where there is no statutory provision for a
nationwide-proportionality review of federal capital sentences. No case is
cited that supports such a holding.  Indeed, the most relevant cases go the
other way. The Supreme Court in *Pulley v. Harris*, 465 U.S. 37, 104 S. Ct.
871, 79 L. Ed. 2d 29 (1984), held that California's capital punishment
scheme was not required to have statewide proportionality review; the
possibility of state supreme court review was sufficient. The Court relied on
its similar ruling in *Jurek*, 428 U.S. 262, 96 S. Ct. 2950, 49 L. Ed. 2d 929. In
an extensive analysis, moreover, our court has held en banc that the
defendant murderer-for-hire could be executed even if the mastermind of the
murder was sentenced to life imprisonment by a different jury. *Getsy v.*

*Mitchell*, 495 F.3d 295, 304-09 (6th Cir. 2007). Taylor's argument in this regard does not require reversal.

*Taylor*, 814 F. 3d at 374.

The Sixth Circuit's decision in *United States v. Gabrion*, 719 F.3d 511, 522 (6th Cir. 2013) (*en banc*) also forecloses the admission or argument of proportionality evidence.  In *Gabrion*, the defendant was found guilty of first-degree murder under 18 U.S.C. § 1111, prohibiting murder within the territorial jurisdiction of the United States.  *Gabrion*, 719 F.3d at 515. The murder was committed within a National Forest that lays within the State of Michigan. *Id*. The defendant argued that he should have been able to argue as a mitigating factor that the State of Michigan lacked the death penalty. Id. at 520.

Reversing a panel decision to vacate *Gabrion's* death sentence, the *en banc* court squarely held that the mitigation contemplated by the FDPA and the Constitution relates to evidence related to a defendant's "background, character, and crime."  *See Gabrion*, 719 F.3d at 521-22 (reaching this conclusion under the Eighth Amendment); 524 (reaching same conclusion under the FDPA). The Court reiterated that "the question is what counts as 'constitutionally relevant mitigating evidence'" and a "capital defendant's 'punishment must be tailored to his personal responsibility and moral guilt.'"  *Id*., at 521.  Under the FDPA, the Court held that "neither do we have any reason to think that the term 'mitigating factors,' as used in the statute, encompasses facts having nothing to do with "a

reasoned moral response to the defendant's background, character, and crime.'"

*Id.*, at 524. Clearly, any attempt to introduce evidence or argument concerning the

charging or disposition of other cases has nothing to do with MILLS and

WILSON's "background, character, and crime." As such, the holding in *Gabrion*

forecloses the admissibility of any evidence or argument concerning

proportionality.

Multiple federal courts sitting within non-death-penalty states have followed

*Taylor's* lead. *See United States v. Regan*, 221 F. Supp. 2d 659, 660-61 (E.D. Va.

2002) (holding proportionality evidence relating to the harm done in other

espionage cases could not be used as mitigating evidence because it lacked

probative value and there was a significant danger of confusing the issues and

misleading the jury); *United States v. Umana*, Case No. 08-134, 2010 WL

1740487, *4 (W.D.N.C. Apr. 28, 2010) (rejecting mitigating factors that would

amount to proportionality review because evidence was "irrelevant to [defendant's]

character or the circumstances of the offense, and is likely to confuse and mislead

the jury");

The government's motion to prohibit defense counsel from presenting

comparative proportionality argument was also granted in *United States v. Caro*,

461 F. Supp. 2d 459, 464-65 (W.D. Va. 2006). Caro argued that neither the

Federal Death Penalty Act nor case law precluded him from referring to the

"egregious disparities and arbitrary nature of federal death penalty litigation." *Id*.
at 465.  The district court disagreed.  It held: "allowing the defendant during
closing argument to reference totally unrelated cases in which the death penalty
was not sought or the defendant was not sentenced to death, would lead to a
confusion of the issues and mislead the jury, nonetheless." *Id*.  The court also
explained that the Department of Justice protocol for selection of cases for capital
prosecution was "not relevant" to Defendant's position that he should be permitted
to make a comparative proportionality argument. *Id*. ("If I were to allow such an
argument, the trial would effectively become a referendum on this process.").

The defendant's motion in limine to allow the comparative proportionality
testimony of Kevin McNally was also denied in *United States v. McCluskey*, Cr.
No. 10-2734 JCH (D.N.M. Nov. 18, 2013) ECF No. 1418, attached as Exhibit A.
In that case, immediately following the defendant's conviction and determination
the he was eligible for capital punishment, the defendant filed a motion *in limine* in
support of Kevin McNally's testimony and statistics purportedly showing the
outcomes of different capital cases.  In prohibiting the testimony, the court held:

> The Court is persuaded by the analysis of the *Taylor* court. Presentation of
> comparative proportionality information on unrelated cases, even if it were
> relevant, is inadmissible under § 3593(c) because its probative value is
> limited while it presents a very great danger of confusing the issues and
> misleading the jury. Comparative proportionality information would also
> require a series of time-consuming mini-trials, in which both parties would
> present additional information and argument about whether other cases were
> sufficiently similar to be probative.

*Id.*, at 12.  Accordingly, this Court should prohibit the defendants from introducing comparative proportionality evidence or argument because that evidence is not evidence in mitigation.

Finally, even if this Court somehow finds that comparative proportionality evidence has some relevance, any reference to this point must be excluded under the section 3593(c) balancing test.  Introduction of testimony regarding the disposition of other capital cases would result in many mini-trials that would confuse the jury.  For these reasons, the Government requests that this Court forbid the defense from offering evidence or argument concerning the dispositions or charges in other cases.

## Conclusion

WHEREFORE, the United States respectfully moves the Court, *in limine*, to preclude any evidence or argument concerning the dispositions or charges in other cases.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

By      *s/James Peterson*
        James Peterson

Bar ID: VA 35373
Trial Attorney
Capital Case Section
Criminal Division
United States Department of Justice
1331 F Street, N.W.
6th Floor
Washington, DC 20530
James.D.Peterson@usdoj.gov
Phone: (202) 353-0796
Fax (202) 353-9779

LOUIS CRISOSTOMO
ROBERT MORAN
ANDREW PICEK
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August 2019, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF systems and was served upon each attorney of record via ECF notification.

*/s/ James D. Peterson*
James D. Peterson
Trial Attorney