UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWIN MILLS, et al.,

    Defendants.

_____/

Case No. 16-cr-20460

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING REMAINDER OF DEFENDANT EDWIN MILLS'S MOTION TO COMPEL
DISCOVERY (Dkt. 552) AND DEFENDANT CARLO WILSON'S SEALED MOTION
FOR DISCOVERY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16
(Dkt. 564)**

This criminal case involves multiple defendants, all of whom have been charged with violating the Racketeering Influenced and Corrupt Organizations Act (the "RICO" Act), 18 U.S.C. § 1961 et seq. Defendant Edwin Mills filed a motion to compel discovery (Dkt. 552),[1] and Defendant Carlo Wilson filed a sealed motion for discovery pursuant to Federal Rule of Criminal Procedure 16 (Dkt. 564). The Government filed a single response in opposition to these motions (Dkt. 593), to which Mills and Wilson replied (Dkt. 648, 608, respectively).

On February 12, 2019, the Court issued an order directing the parties to confer in good faith to resolve any discovery disputes raised in Defendants' motions. See 2/12/2019 Order at 4 (Dkt. 763). If the parties were unable to resolve certain issues, the Court further ordered Defendants to file a memorandum, detailing which precise discovery issue necessitated the Court's

---

[1] Defendant Carlo Wilson filed a notice of joinder concurring in the relief sought in Mills's motion. See 10/24/2018 Notice of Joinder (Dkt. 568).

1

intervention. Id. at 5. After various stipulated extensions, Mills and Wilson each filed a memorandum (Dkts. 821, 865, respectively), to which the Government responded (Dkt. 921).[2]

A hearing on Defendants' discovery motions was held on July 24, 2019. At the conclusion of the hearing, the Court afforded Defendants the opportunity to file a joint statement on or before July 26, 2019, outlining each remaining discovery dispute that had not yet been resolved. The Government could then file a response to that statement on or before August 7, 2019. Defendants timely filed their joint statement (Dkt. 1005). Because several issues could be resolved without the Government's response to the joint statement, the Court issued an opinion on July 30, 2019, granting in part and denying in part Defendants' discovery motions. United States v. Mills, No. 16-cr-20460, 2019 WL 3423318 (E.D. Mich. July 30, 2019). The Court reserved ruling on certain discovery issues raised in the joint statement until the Government filed its supplemental response. The Government has since filed its response (Dkt. 1037). For the reasons stated below, the Court denies the remainder of Defendants' discovery motions.

## I. BACKGROUND

Because the Court has previously described the factual and procedural background of this case in greater detail in other opinions, it need not do so again for purposes of the present motion. See, e.g., United States v. Mills, 378 F. Supp. 3d 563 (E.D. Mich. 2019) (denying motions to dismiss); United States v. Mills, No. 16-cr-20460, 2019 WL 1915762 (E.D. Mich. Apr. 30, 2019) (denying motions for bills of particulars); United States v. Mills, 367 F. Supp. 3d 664 (E.D. Mich. 2019) (granting in part and denying in part motion to preclude rap lyrics and videos).

## II. STANDARDS OF DECISION

---

[2] The Court further ordered the parties to file a joint statement addressing whether any discovery disputes identified in their supplemental memoranda had been resolved. See 7/11/2019 Order at 1 (Dkt. 984). The parties timely filed a joint statement, indicating that they were unable to agree "as to whether there has been any resolution." 7/17/2019 Joint Statement at 1 (Dkt. 995).

In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted. For most criminal prosecutions, there are three governing rules that "'exhaust the universe of discovery to which [a] defendant is entitled.'" United States v. Watson, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting United States v. Presser, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988)).

The first is the Brady doctrine, derived from Brady v. Maryland, 373 U.S. 83 (1962), which requires the Government to disclose evidence that is favorable to the accused and material to guilt or sentencing, as well as evidence that could be used to impeach the credibility of a government witness. Watson, 787 F. Supp. 2d at 672 & n.5.

The second is Federal Rule of Criminal Procedure 16(a), which "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control [that are material to the defense or to be used in the Government's case-in-chief], reports of examinations or tests, and a summary of any expert witness testimony." Watson, 787 F. Supp. 2d at 672 (citation and quotation marks omitted); Presser, 844 F.2d at 1285 ("[D]iscovery afforded by Rule 16 is limited to the evidence referred to in its express provisions.").

The third is the Jencks Act, 18 U.S.C. § 3500, which "'generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at trial.'" Watson, 787 F. Supp. 2d at 672 (quoting United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982)); 18 U.S.C. § 3500(b);[3] see also United States v. Davis, 306 F.3d 398, 421 (6th Cir. 2002) ("When

---

[3] Section 3500(b) provides, in full: "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such

Brady material sought by a defendant is covered by the Jencks Act . . . the terms of that Act govern the timing of the government's disclosure."); Presser, 844 F.2d at 1282-1285 (holding that neither Brady, Giglio v. United States, 405 U.S. 150 (1972), nor Rule 16 gives a defendant the right to broad pretrial discovery of impeachment evidence, the disclosure of which is instead controlled by the Jencks Act).

### III. DISCUSSION

Defendants' motions fall predominantly within the second category above, as they each make numerous requests for discovery under Rule 16. The Court will address each of the 50 discovery items Defendants have requested, which are outlined in a table attached to their most recent joint statement. See Discovery Table, Ex. A to Defs. Joint Statement (Dkt. 1005-1).

1. **Disclose all photographs taken by the Government's agents during the defense's view of the evidence on June 7, 2017**

The Government claims to have already produced these photographs on June 6, 2018. Gov't Supp. Resp. at 7. Based on the Government's representation, this discovery request is denied.

2. **Disclose any transcripts of any statements by Defendants to be offered at any evidentiary hearing or at trial**

The Government claims that no such transcripts exist. Gov't Supp. Resp. at 22. Based on the Government's representation, this discovery request is denied.

3. **Disclose all records, including bench notes, of forensic witnesses who have performed testing of any kind in this case**

The Government argues that Defendants are not entitled to these records under Federal Rules of Criminal Procedure 16(a)(1)(F) and (G). Moreover, the Court already addressed the

---

statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use." (Emphasis added).

extent to which Defendants are entitled to discovery under Rule 16(a)(1)(G), see Mills, 2019 WL 3423318, at *4 (ordering the Government to provide written summaries of any expert testimony it intends to offer during its case-in-chief on or before September 3, 2019), and the Government states that it will comply with this Court's July 30, 2019, opinion regarding expert witness testimony summaries, Gov't Supp. Resp. at 20. Based on the Court's prior opinion and the Government's representations, this discovery request is denied.

> **4. Disclose all notes or other memoranda reflecting any conversation or communication with representatives of the United States Attorney's Office, including but not limited to city, county, state and federal law enforcement; or any other representative from the federal government concerning this case**

The Government argues that these internal government notes and memoranda are not authorized for discovery or inspection under Rule 16(a)(2). Gov't Supp. Resp. at 20. Defendants have provided no authority to the contrary. Therefore, this discovery request is denied.

> **5. Produce copies of unredacted discovery**

For the reasons stated in the Court's July 30, 2019, opinion, Mills, 2019 WL 3423318, at *5, this discovery request is denied.

> **6. Obtain and produce all Detroit Police Department records related to the Troester Market homicide on December 1, 2015**

The Government claims to have already produced the requested information, and it provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 7. Based on the Government's representations, this discovery request is denied.

> **7. Either disclose Bate Stamp pages 85431 (missing from 85431-91601) and 93228 (missing from 93228-93238) or confirm in writing that the pages do not exist**

According to the Government, Bates numbers 085431 and 093228 " do not exist as stated in a prior discovery index provided by the government to defendants." Gov't Supp. Resp. at 22.

5

Because the Government has confirmed in writing that these pages do not exist, an order requiring the same is no longer necessary. This discovery request is denied.

**8. Disclose names and contact information for all persons who called into the tip line, whether it was through Crime Stoppers or any other tip line set up by federal, county, or city police agencies, related to the Troester Market homicide and all information provided as part of the tip**

According to the Government, all persons who contacted the tip line remained anonymous. Gov't Supp. Resp. at 22. Nevertheless, the Government states that its paralegal will work with Defendants on reviewing Bates number 002455. Id. Based on the Government's representations, this discovery request is denied.

**9. Disclose mirror images of cell phones and tablets**

For the reasons stated in the Court's July 30, 2019, opinion, Mills, 2019 WL 3423318, at *4, this discovery request is denied.

**10. Disclose the names of any special employees or informants that it has used with regard to the defendants and any statements made by the informant or reports of interviews of the informant**

As the Government correctly notes, the Court previously denied a request to disclose informants' identities. United States v. Mills, No. 16-cr-20460, 2019 WL 77034, at *3-5 (E.D. Mich. Jan. 2, 2019). Moreover, if any informants are government witnesses, the Court has recognized that the Government will disclose Jencks Act materials 30 days before trial absent specific and concrete safety concerns for particular witnesses. United States v. Mills, No. 16-cr-20460, 2019 WL 76868, at *2 n.6 (E.D. Mich. Jan. 2, 2019). Therefore, this discovery request is denied.

**11. Disclose the names and statements made by any unnamed or uncharged co-conspirators not expected to be called at trial**

The Government claims that it will finalize and disclose its witness list on or before December 6, 2019, pursuant to the Court's scheduling order. Gov't Supp. Resp. at 16 (citing 8/31/2018 Order at 3 (Dkt. 475)). The Government further states that it has already disclosed the names and information of co-conspirators pursuant to Rule 16(a)(1)(E). Id. at 16-17. And if any non-witness possesses Brady information, the Government avows to disclose the names and statements 60 days before trial pursuant to the Court's opinion regarding disclosure of Brady information. Id. at 16; see also United States v. Mills, No. 16-cr-20460, 2019 WL 549171, at *3-4 (E.D. Mich. Feb. 12, 2019). Based on the Court's prior opinion and the Government's representations, this discovery request is denied.

**12. State with specificity which "302" is connected to Digital 1A and identify the content of all Digital 1A**

The Government claims that it has produced various FBI reports that cross-reference other information. Gov't Supp. Resp. at 20. According to the Government, the set of information that an FBI report cross-references is known as a "digital 1A" under "the FBI's lingo." Id. The Government further claims that this "digital 1A" information has been produced in line with its discovery obligations. Id. Because the FBI reports themselves state what the digital 1A information consists of, the Government posits that Defendant "can readily identify that information by reading the report." Id. Based on the Government's representations about the digital 1A information and the content of the FBI reports, this discovery request is denied.

**13. Produce legible copies of Bate Stamp numbers 096961-096962**

According to the Government, its paralegal has already requested better copies and will work with Defendants on obtaining more legible copies of this material. Gov't Supp. Resp. at 22. Because this issue will conceivably be resolved soon without the need for the Court's intervention, this discovery request is denied without prejudice.

**14. Disclose all material related to overt acts 1, 2, 4, 25, 28, 34, 35, 36, 37, 39, 40, 43, 44, 46, 49, 50, and 51**

The Government claims to have already produced the requested information, and it provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 8-9. Based on the Government's representations, this discovery request is denied.

**15. Obtain and disclose all documents related to the murder of Vincent Johnston**

The Court has already addressed this discovery request, see 8/5/2019 Order at 2 (Dkt. 1028) (directing the Government to request all documents and materials regarding the murder of Johnston from non-federal investigatory agencies and promptly disclose any information falling within Federal Rule of Criminal Procedure 16(a) within two weeks of receiving any additional materials from these agencies), and the Government states that it will comply with the Court's order, see Gov't Supp. Resp. at 17.

**16. Disclose names, addresses, telephone numbers, and statements of those persons with whom the Government has spoken and who may have some knowledge of the facts of this case but will not testify as witnesses for the Government at trial**

The Government claims that it will finalize and disclose its witness list on or before December 6, 2019, pursuant to the Court's scheduling order. Gov't Supp. Resp. at 17. The Government further claims that it has already disclosed information concerning individuals who may be non-witnesses under Rule 16(a)(1)(E), but that Defendants are not entitled to the individuals' identities or personal contact information under the discovery rules. Id. Defendants have provided no case law to the contrary. Therefore, based on the Government's representations, this discovery request is denied.

**17. Produce statements alleged to have been made by either defendant to third parties and a description of the surrounding circumstances**

To the extent "third parties" are prospective government witnesses, the Governments claims that it will disclose Jencks Act materials 30 days before trial. Gov't Supp. Resp. at 18. Based on the Government's representations, this discovery request is denied.

**18. Produce all post-indictment monitoring, eavesdropping, or "overhearing" of Defendants' conversations**

The Government claims to have produced all of Defendants' statements on July 19, 2016, June 12, 2018, and September 29, 2018. Gov't Supp. Resp. at 9. If any statements were made to prospective government witness, those statements will be disclosed 30 days before trial in accordance with the Court's prior order regarding Jenck's Act disclosures. Id. The Government also states that it will promptly produce any future statements, including recorded jail calls or correspondence. Id. Based on the Government's representations, this discovery request is denied.

**19. Produce expert reports, summaries, and physical evidence examined by the Government's experts, or documents reviewed by them, and a response that complies with Rule 16 for all experts**

The Government claims to have produced at least 64 expert reports and supplemented those reports with the experts' curricula vitae. Gov't Supp. Resp. at 9-10. The Government further states that any physical evidence is available for Defendants to inspect. Id. at 10. The Court has also addressed the extent to which Defendants are entitled to discovery under Rule 16(a)(1)(G). See Mills, 2019 WL 3423318, at *4. To the extent this request is seeking discovery that exceeds what the Court has previously granted, the request is denied.

**20. Produce all activity logs and Detroit Police Department reports related to the Troester Market shooting**

The Government claims to have already produced the requested information, and it provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 10. Based on the Government's representations, this discovery request is denied.

**21. Produce a copy of all surveillance film that was reviewed in connection with the investigation of the Troester Market shooting**

The Government claims to have already produced the requested information pursuant to Rule 16(a)(1)(E). Gov't Supp. Resp. at 10. Based on the Government's representations, this discovery request is denied.

**22. Produce any information related to the Denby High School incident from March 30, 2009**

The Government claims to have already produced the requested information, and it provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 11. Based on the Government's representations, this discovery request is denied.

**23. Produce any documents related to the Lomnil Jackson shooting incident**

According to the Government, its paralegal will request additional information from Defendants about this request. Gov't Supp. Resp. at 22. Because it is conceivable that this issue will soon be resolved without the need for the Court's intervention, this discovery request is denied without prejudice.

**24. Produce any documents related to the incident at 12600 Kelly on July 24, 2012**

The Government claims to have already produced the requested information, and it provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 11. Based on the Government's representations, this discovery request is denied.

**25. Produce any information related to the shooting of Edwin Mills on May 4, 2013**

The Government claims to have already produced the requested information, and it provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 11. Based on the Government's representations, this discovery request is denied.

**26. Produce any information related to the arrest of Edwin Mills on February 10, 2014**

The Government claims to have already produced the requested information, and it provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 11. Based on the Government's representations, this discovery request is denied.

**27. Produce any information related to the arrest of Edwin Mills on April 8, 2015**

The Government claims to have already produced the requested information, and it provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 11-12. Based on the Government's representations, this discovery request is denied.

**28. Produce any information related to the shooting of Edwin Mills on August 9, 2015**

The Government claims to have already produced the requested information, and it provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 12. Based on the Government's representations, this discovery request is denied.

**29. Disclose any information related to the arrest of Lomnil Jackson by the Huntington Police Department**

The Government claims to have already produced the requested information, and it provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 12. Based on the Government's representations, this discovery request is denied.

**30. Disclose any information related to Exotic City Gentlemen's Club**

The Government claims to have already produced the requested information on March 30, 2018, April 20, 2018, May 4, 2018, May 10, 2018, and May 29, 2018, and the Government provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 12. Based on the Government's representations, this discovery request is denied.

**31. Disclose all text messages between the "murder suspect" and Naysa Thornton**

11

The Government claims to have already produced the requested information on June 11, 2018, in discs labeled "DEDE2" and "DEDE4." Gov't Supp. Resp. at 13. Based on the Government's representations, this discovery request is denied.

**32. Produce Bates Stamped numbers for recorded jail calls and/or video visits, including 099302, 098996, 098116, 096957, 098980, 098100, 098902, 098022, 098909, 098889, 098009, 098830, 097678, 097163**

The Government indicates that this discovery constitutes either co-defendants' statements or Jencks Act materials, which will be produced 60 days and 30 days before trial, respectively, absent specific and concrete safety concerns. Gov't Supp. Resp. at 18; see also Mills, 2019 WL 76868, at *2 n.6 (the Government shall disclose Jencks Act materials 30 days before trial absent specific and concrete safety concerns for particular witnesses); Mills, 2019 WL 77034, at *2 (unless the co-defendant is a prospective government witness as contemplated under the Jencks Act, the Government shall produce any statements of co-defendants that it intends to offer into evidence 60 days before trial). Based on the Court's prior opinions and the Government's representations, this discovery request is denied.

**33. Produce all recorded telephone calls of Defendants to be used at any evidentiary hearing, at trial, or at any potential penalty phase**

The Government claims to have produced all of Defendants' statements on July 19, 2016, June 12, 2018, and September 29, 2018, and it states that it will promptly produce any future statements, including recorded jail calls or written correspondence. Gov't Supp. Resp. at 13. The Government also states that it will provide co-defendant statements to Mills and Wilson 60 days before trial in accordance with the Court's prior opinion regarding disclosure of co-defendant statements. Id. Based on the Court's prior opinions and the Government's representations, this discovery request is denied.

**34. Disclose all correspondence of Defendants while incarcerated, including those made while incarcerated at Huron County Jail, Midland County Jail, Livingston County Jail, Milan Detention Facility, or any other local, state, or federal detention facility**

The Government claims to have produced all of Defendants' statements on July 19, 2016, June 12, 2018, and September 29, 2018, and it states that it will promptly produce any future statements, including recorded jail calls or written correspondence. Gov't Supp. Resp. at 13-14. The Government also states that it will provide co-defendant statements to Mills and Wilson 60 days before trial in accordance with the Court's prior order regarding disclosure of co-defendant statements. Id. at 14. Based on the Court's prior opinions and the Government's representations, this discovery request is denied.

**35. Produce any documents related to the waiver of constitutional rights by Defendants**

The Government claims to have already produced the requested documents, and the Government provided corresponding Bates Stamped numbers and ranges associated with that discovery. Gov't Supp. Resp. at 12. Based on the Government's representations, this discovery request is denied.

**36. Produce Bate Stamp numbers PH-0646-PH-0698 (53 pages)**

According to the Government, Bates numbers PH-0646-PH-0698 "do not exist as stated in a prior discovery index provided by the government to defendants." Gov't Resp. at 23. Therefore, this discovery request is denied.

**37. Produce legible copies of Bates Stamp D2-00143**

According to the Government, its paralegal has already requested better copies and will work with Defendants on obtaining more legible copies of this material. Gov't Supp. Resp. at 23.

Because this issue will conceivably be resolved soon without the need for the Court's intervention, this discovery request is denied without prejudice.

**38. Produce all statements made by Defendants**

The Government claims that all of defendants' statements, including adopted statements, were produced on July 19, 2016, June 12, 2018, and September 29, 2018. Gov't Supp. Resp. at 14. Based on the Government's representations, this discovery request is denied.

**39. Produce all statements alleged to be adoptive admissions, authorized statements, or those allegedly made by an agent pursuant to Fed. R. Evid. 801(d)(2)(B), (C) and (D)**

The Government claims that all of defendants' statements, including adopted statements, were produced on July 19, 2016, June 12, 2018, and September 29, 2018. Gov't Supp. Resp. at 14. Based on the Government's representations, this discovery request is denied.

**40. Produce all social media of all indicted or unindicted conspirators and identify specifically what social media it intends to use at any evidentiary hearing or trial**

The Government claims that all social media records have been produce under Rules 16(a)(1)(B) and (E), and that it is not required to identify specific records that it intends to use at trial. Gov't Supp. Resp. at 14-15. The Court agrees that the Federal Rules of Criminal Procedure do not require the Government to specifically identify which social media records it may use at trial, and Defendants have provided no authority to the contrary. Because the Government's avers that it has produced all social media records, the Court denies this discovery request.

**41. Disclose the identity of the unknown male in Bates Stamp 96202**

The Government claims that this "unknown male" is also unknown to the Government. Gov't Supp. Resp. at 22. Based on the Government's representation, this discovery request is denied.

**42. Produce background information of all experts, including (1) proficiency tests and results, (2) evaluations or reports issued by any testing agency, (3) all licenses and certifications, and, (4) all testimony reviews**

The Government claims to have produced at least 64 expert reports and supplemented those reports with the experts' curricula vitae, which constitutes the experts' "background information." Gov't Supp. Resp. at 15. The Court has also addressed the extent to which Defendants are entitled to discovery under Rule 16(a)(1)(G). See Mills, 2019 WL 3423318, at *4. To the extent this request exceeds what the Court has previously granted, the request is denied.

**43. Produce all information related to the Michigan State Forensic Science Laboratory, including (1) all licenses and certificates of accreditation; (2) any audit documents or reports concerning the lab generated since 2005; (3) a diagram of the laboratory that shows work areas for evidence isolation and processing for any of the testing in this case; and (4) all testing and operating protocols, methodologies, procedures, or manuals followed or used in connection with the analysis and testing performed in May of 2016**

The Government argues that Defendants are not entitled to this information under Rules 16(a)(1)(F) and (G), Gov't Supp. Resp. at 21, and Defendants have provided no authority to the contrary. Therefore, this discovery request is denied.

**44. Set forth in writing a comprehensive list of all Bate Stamp numbers that it has intentionally skipped, or mis-numbered or renumbered**

The Government states that its paralegal is available to answer any questions from Defendants about the Bates numbering system. Gov't Supp. Resp. at 23. Because any numbering concerns can (and should) be resolved without the Court's intervention, this discovery request is denied.

**45. Produce all discovery provided to other co-defendants**

The Government argues that Defendant are not entitled to this discovery. Gov't Supp. Resp. at 21. For example, the Government states that Rule 16(a)(1)(D) does not entitle Defendants

to other co-defendants' prior criminal records.  Id.  Defendants have provided no authority to the contrary.  Therefore, this discovery request is denied.

### 46. Produce all co-defendant statements

The Government indicates that this discovery constitutes either co-defendants' statements or Jencks Act materials, which will be produced 60 days and 30 days before trial, respectively, absent specific and concrete safety concerns.  Gov't Supp. Resp. at 18-19.  Based on the Court's prior opinions and the Government's representations, this discovery request is denied.

### 47. Disclose all witness statements who will not testify at trial

The Government claims that it will finalize and disclose its witness list on or before December 6, 2019, pursuant to the Court's scheduling order.  Gov't Supp. Resp. at 19.  If any non-witness possesses Brady information, the Government avows to disclose the names and statements 60 days before trial pursuant to the Court's order regarding disclosure of Brady information.  Id.  Based on the Court's prior opinions and the Government's representations, this discovery request is denied.

### 48. Produce a comprehensive and complete discovery index of every document, record, or other item provided to either Defendant

Although it does not believe Defendants are entitled to an index under the discovery rules, the Government claims that its paralegal has repeatedly provided discovery indexes to Defendants that contain the applicable Bates numbers and document descriptions, along with weekly emails providing updates.  Gov't Supp. Resp. at 21.  According to the Government, its paralegal is available at Defendants' convenience to answer questions and provide necessary assistance on discovery.  Id.  Based on the Government's representations, this discovery request is denied.

### 49. Provide (1) all information about, and access to, the device used during the interrogation of Mills following his arrest in this case and a detailed description of the technical failure which caused portions of the interrogation not to be

16

**recorded; (2) the documents or notes in connection with the interrogation; (3) an explanation of the month-long gap between the interrogation and the agent's report; and, (4) an explanation for the Government's failure to disclose the video for two years**

As the Government correctly notes, the Court has already denied pretrial disclosure of the rough notes of government agents and law enforcement officers. Mills, 2019 WL 77034, at *5-6. The Government then argues that Mills is not entitled under the discovery rules to "information about and access to the device" used during his post-Miranda partially-recorded statement to agents. Gov't Supp. Resp. at 19. Mills provided no authority to the contrary. However, the Government states that Mills may cross-examine the agents during a suppression hearing and/or at trial about the device and any delay in issuing reports. Id. Indeed, an evidentiary hearing on Mills's motion to suppress the statement is currently scheduled for September 13, 2019, at which time Mills will have the opportunity to confront and question the officers about the purported technical failure. And because Mills has provided no authority that he is entitled to an "explanation" for alleged delays in the Government's discovery production, the Court denies this discovery request in toto.

**50. Obtain and produce all documents related to the homicide of Durand Kimbrough**

The Court has already denied this request. Mills, 2019 WL 3423318, at *6.

### IV. CONCLUSION

For the reasons stated above, the remainder of Mills's motion to compel discovery (Dkt. 552) and Wilson's motion for discovery (Dkt. 564) are denied.

SO ORDERED.

Dated: August 28, 2019   s/Mark A. Goldsmith
     Detroit, Michigan   MARK A. GOLDSMITH
                                                           United States District Judge