UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                                    Criminal Action No. 16-20460

vs.

                                                   HON. MARK A. GOLDSMITH

D-1 EDWIN MILLS,

               Defendant.

_____/

## OPINION & ORDER
## GRANTING IN PART AND DENYING IN PART DEFENDANT EDWIN MILLS'S
## MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY BRIEF (Dkt. 1350)

Defendant Edwin Mills filed a motion to suppress his statement given to investigators after he was arrested (Dkt. 663). Mills argues that he did not validly waive his Miranda rights before giving his statement.[1] The Government filed a response (Dkt. 718), and Mills filed a reply (Dkt. 747). The Court held a suppression hearing. See Hr'g Trans. (Dkt. 1120). Two witnesses testified: FBI Special Agents Richard Huntzinger and Neil Gavin. The parties then filed supplemental briefs (Dkts. 1142, 1153). Mills has now filed a motion for leave to file a supplemental reply brief (Dkt. 1350). This motion is granted in part and denied in part.

## I.  ANALYSIS

During the hearing, Huntzinger and Gavin testified that they could not recall whether flash bang grenades were used when Mills was arrested. See Hr'g Trans. at 30, 77. After the hearing,

---

[1] Under Miranda v. Arizona, 384 U.S. 436 (1966), police cannot interrogate a criminal suspect in custody without first warning that he or she has a right to remain silent, right to consult with an attorney and have the attorney present during questioning, and right to have an attorney appointed if indigent. However, police need not warn a suspect who validly waives his or her Miranda rights.

the Government produced a one-page report prepared by Huntzinger indicating that three flash bang grenades were used.  See Huntzinger Report at PageID.16137 (Dkt. 1350-1).  Mills asks the Court to introduce the Huntzinger Report as additional evidence and reopen the hearing to permit confrontation of Huntzinger and Gavin with the report.  Mot. at 4–5.  Mills also requests that the Court order the Government to search "all records and files of the [FBI] for all policies and procedures regarding the use of flash bang grenades" and preserve "agent messaging by text or other cellular phone process (including messaging applications such as WhatsApp)."  Id.

The Government concurs in Mills's request to admit the Huntzinger Report into evidence. Resp. at 1 (Dkt. 1355).  Further, the Government concurs in Mills's request to preserve any FBI internal communications that are coextensive with the Government's duty to preserve Brady and Jencks materials.[2]  Id. at 1–2.  In fact, the Government represents that it has "reached out to the FBI and indicated that any text messages related to the execution of the search warrant and interrogation of Mills, to the extent they still exist, must be preserved."  Id. at 5.  However, the Government asks that the Court deny Mills's motion as to all other requests for relief.  Id. at 2.

The Court addresses each of Mills's requests in turn.

### A. Admission of the Huntzinger Report and Additional Testimony

Given the parties' concurrence, the Court grants Mills's request to admit the Huntzinger Report.  Further, because Mills was unable to confront Huntzinger and Gavin with this report during the original hearing given that the Government had not produced it at that time, the Court will reopen the hearing to permit Mills to introduce the report into evidence and confront

---

[2] Under Brady v. Maryland, 373 U.S. 83 (1963), prosecutors are required to disclose materially exculpatory evidence in the Government's possession to the defense.  Under the Jencks Act and Federal Rule of Criminal Procedure 26.2, the Government must produce certain statements of its witnesses to the defense.

Huntzinger and Gavin with it.  A reopened hearing will allow greater development of the facts bearing on the motion.

The Court will set a hearing date by separate entry.

**B.  Search of the FBI's Records and Files**

Mills's request to order the Government to search "all records and files of the Federal Bureau of Investigation for all policies and procedures regarding the use of flash bang grenades" calls for an unwarranted fishing expedition into the FBI's records and files.  The purpose of the suppression proceeding is to determine whether Mills knowingly and voluntarily waived his Miranda rights.  Mills does not argue in his motion to suppress—nor did he testify during the suppression hearing—that the use of flash bang grenades affected his waiver of Miranda rights. Rather, it appears that the use of flash bang grenades is relevant only to attack Huntzinger and Gavin's credibility.  Mills has not shown that he needs any document other than the Huntzinger Report to launch this attack.  Accordingly, the Court denies Mills's motion as to his request to order the Government to search the FBI's records and files.

**C.  Preservation of FBI Internal Communications**

Because the Government has agreed to preserve FBI internal communication to the extent that the Government is already required to preserve these materials under Brady and the Jencks Act, the Court grants Mills's request for preservation of these documents.  To the extent that Mills seeks preservation of additional documents, his motion is denied.  As explained above, although the Huntzinger Report may bear on the witnesses' credibility, the use of flash bang grenades otherwise has no relevance to the question of whether Mills validly waived his Miranda rights. Thus, no preservation beyond the documents that the Government has already agreed to preserve is warranted.

## II.  CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Mills's motion for

leave to file a supplemental reply brief (Dkt. 1350).

SO ORDERED.

Dated:  November 29, 2021                          s/Mark A. Goldsmith
       Detroit, Michigan                          MARK A. GOLDSMITH
                                                United States District Judge